MINA E. FRITZ, Plaintiff, *v.* COMMONWEALTH FINANCE CORPORATION, THEODORE L. WEED and NORMAN A. MERRITT, Defendants.

Supreme Court, New York Special Term, May 29, 1924.

Landlord and tenant — action on promissory notes made by defendant corporation and indorsed by individual defendants on assignment of lease of premises by plaintiff to defendant corporation — counterclaim for amount expended by defendant corporation in making repairs, which plaintiff neglected to make, predicated on assignment of right of action to it by plaintiff's lessor — lessor did not make repairs or suffer damage — defense unavailable to lessor's assignee — motion to strike out defense and counterclaim and for judgment on pleadings pursuant to Civil Practice Act, § 476, and Rules of Civil Practice, rule 112, granted.

A motion by the plaintiff for an order striking out the defense and counterclaim in defendant's answer and for judgment on the pleadings pursuant to section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice will be granted in an action on two promissory notes made by the defendant corporation and indorsed before delivery by two other defendants where it appears that after the plaintiff assigned her lease to an apartment hotel to the defendant corporation, it discovered that the plaintiff had not performed the covenants

in the lease respecting the making of necessary repairs; that the counterclaim for the amount expended by the defendant corporation in making repairs is predicated upon an assignment to the defendant corporation of whatever rights plaintiff's lessor possessed against the plaintiff; and that there was nothing to show that the plaintiff's lessor had made any repairs or replacements or suffered any damage. As the plaintiff's lessor had no right of action to assign, it could vest no cause of action in the defendant corporation, and consequently the defense is without merit.

MOTION by plaintiff to strike out defendants' defense and counterclaim and for judgment on pleadings.

*Leo K. Martus,* for the plaintiff.

*George Edwin Joseph* (*Joseph L. Greenberg,* of counsel), for the defendants.

LEVY, J. This is a motion by plaintiff for an order striking out the defense and counterclaim and for judgment on the pleadings pursuant to section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice. The action is on two promissory notes for $7,887.70 made by the defendant Commonwealth Finance Corporation and indorsed before delivery by the defendants Weed and Merritt. The material allegations of the complaint are admitted, but the defendants, by way of defense and counterclaim, set forth that prior to November 18, 1922, the plaintiff was the lessee of a certain apartment hotel in the city of Washington, District of Columbia, under a twenty-one-year lease; that subsequently the Roosevelt Corporation, which came into possession of the premises by conveyance, assigned and transferred " any and all right of action and any and all claim that it might have against the plaintiff herein by reason of any default or violation of any of the terms or conditions of the said lease." It is claimed the plaintiff violated certain terms of the lease providing that the lessee shall keep and maintain the furniture and equipment in good order and repair and make necessary replacements and that the lessee will operate and maintain the premises in good repair at her own cost; and in default, the lessor may make such repairs, and such cost and expense shall be added to the rent due or to become due and payment enforced as rent; that on November 18, 1922, plaintiff duly assigned her lease to defendant Commonwealth Finance Corporation, which made the notes on which this action is predicated; that the said defendant discovered that plaintiff had not performed the covenants in the lease and, therefore, was obliged to and did expend the sum of $25,000 in making the necessary repairs neglected to be made by plaintiff. This amount defendant Commonwealth Finance Corporation and its indorsers seek to

offset as against plaintiff's claim, the right obviously being based on the assignment by the Roosevelt Corporation to the Commonwealth Finance Corporation.

I am of the opinion that the defense is not available to the defendants. Nowhere does it appear that the Roosevelt Corporation, which assigned whatever rights it possessed against plaintiff to the defendant Commonwealth Finance Corporation, made any repairs or replacements; nor is there any allegation that the Roosevelt Corporation suffered any damage. On the contrary, whatever repairs there were, were made by the Commonweath Finance Corporation when it took possession of the premises as assignee of plaintiff's lease. Its subsequent acquisition of the assignment of the right of action from the Roosevelt Corporation did not create any power to proceed against the plaintiff. Since the Roosevelt Corporation made no repairs, it suffered no damage; *a fortiori*, it possessed nothing to assign to the Commonwealth Finance Corporation. When that corporation became the assignee of the lease, it took the premises in the then existing state and, therefore, the repairs alleged in the counterclaim to have been made by it were merely a discharge of the covenants of the lease. Moreover, if the plaintiff did not make the necessary repairs, the lessor, by failing to take advantage of such default by entering the premises to make the repairs and charging same to the plaintiff according to the terms of the lease, may be said to have waived any default for that period. When the lessor conveyed the premises, it seemingly did so free of any default on the part of the plaintiff. Thus, when the plaintiff's assignee, the Commonwealth Finance Corporation, one of the defendants, took possession and made the repairs, the Roosevelt Corporation, the then lessor, had incurred no expense in making repairs and hence had no right of action on the covenants contained in the lease. Consequently, the Roosevelt Corporation having no right to assign, could vest no cause of action in the Commonwealth Finance Corporation. So the defense is without merit. The defendants Weed and Merritt, as indorsers on the notes in question, relying on the same defense and counterclaim, are in no better position and cannot prevail in the action. Plaintiff's motion must, therefore, be granted, with costs. Order signed.

Ordered accordingly; judgment accordingly.